UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE P. GAINES,<br><br>　　　　　　　　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>G. HARBERT; W. FERMON; A. LEWIS; and J. MCBROOM,<br><br>　　　　　　　　　　　　　　Defendants. | Civil No.　07cv1320-J (CAB)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF INVESTIGATOR**<br><br>**[Doc. No. 83]** |

　　　Plaintiff, a state prisoner proceeding *pro se*, filed this action under 42 U.S.C. § 1983. The complaint alleges that the defendants participated in a "beat down" against him, in violation of the Eighth Amendment. On May 14, 2009, Plaintiff filed a "motion for appointment of investigator," requesting that the Court appoint an investigator to assist him in locating expert witnesses. [Doc. No. 83.] Plaintiff contends that he needs the Court to appoint an investigator, because he is currently in administrative segregation and has no access to a telephone. [*Id.* at 1.]

　　　Title 28, United States Code, section 1915, authorizes federal courts to permit commencement of suit without prepayment of fees and costs upon a showing of indigency and allows indigents who are unable to pay the entire filing fee upon filing to pay in installments. 28 U.S.C. § 1915(a)&(b). Section 1915 does not authorize or require federal courts to finance or subsidize a civil action or appeal by paying expert fees or other costs. *Hadsell v. Internal Revenue Service*, 107 F.3d 750, 752 (9th Cir. 1997); *Dixon v. Ylst*, 990 F.2d 478, 480 (9th Cir. 1993). The expenditure of public funds on behalf of an indigent litigant is proper only when authorized by Congress. *See United States v. MacCollom*, 426 U.S.

317, 321 (1976); *Tedder v. Odel*, 890 F.2d 210, 211 (9th Cir. 1989).  Plaintiff has not shown any Congressional authority for the Court to pay for an investigator for him in this civil action.  An incarcerated *pro se* plaintiff may have great difficulty pursuing his action from prison, but that does not mean that the Court can or must fund his efforts.  He must find a way to prosecute his action within his financial means and consistent with his status as a prisoner.

Accordingly, Plaintiff's request for a private investigator is **DENIED**.

**IT IS SO ORDERED.**

DATED:  May 27, 2009

_____
**CATHY ANN BENCIVENGO**
United States Magistrate Judge